CASE NO. 24-4835

_____

IN THE UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

_____

NOVALPINA CAPITAL PARTNERS I GP S.A.R.L.,

*Petitioner-Appellee*,

v.

TOBIAS READ AND MICHAEL LANGDON,

*Respondents*,

and

TREO ASSET MANAGEMENT LLC AND TREO NOAL GP SARL,

*Intervenor-Appellants*.

_____

On appeal from the

United States District Court for the District of Oregon

Hon. Karin. J. Immergut

Case No. 3:23-mc-00082-IM

_____

**DECLARATION OF NICOLAS THIELTGEN**

_____

I, Nicolas Thieltgen, declare pursuant to 28 U.S.C. § 1746 as follows:

1. I am a licensed attorney in Luxembourg and the managing partner of the law firm Brucher, Thieltgen & Partners in Luxembourg. I have served as counsel to Novalpina Capital Partners I GP S.a r.l. ("Novalpina GP") since 2021.

2. I submit this declaration in opposition to the Appellant-Intervenors' motion for stay pending appeal.

3. The knowledge set forth herein was acquired during my representation of Novalpina GP.

4. Attached hereto as **Exhibit A** is a true and correct copy of a translated excerpt of the Merits Summons for the Novalpina entities' breach of contract claim for failure to pay the Removal Entitlement or acquire the Sponsor Commitment filed against Treo NOAL GP ("NOAL GP") et al. in the District Court of Luxembourg. As is relevant for the purposes of the brief filed in opposition to the Motion to Quash, the translated portion of the Petition contains the documents I requested on behalf of my clients should they prevail on the merits and if there are insufficient liquid funds to satisfy the judgment awarded in their favor. It was not a generic request for discovery for use in the litigation if the Court denied the summary relief.

5. If the defendants claimed an inability to pay the judgment, the documents requested would make it possible to establish the amounts distributed to

others which would need to be paid to the Novalpina entities instead. If the defendants simply pay whatever judgment may be issued against them, then the document request would have been moot.

6. In any event, the District Court of Luxembourg declined to grant the Merits Summons in a summary relief posture and the case is instead proceeding to full litigation on the merits.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on August 18, 2024

Nicolas Thieltgen

# Exhibit A

**SUMMONS BEFORE THE DISTRICT COURT OF AND IN LUXEMBOURG, RULING ON COMMERCIAL MATTERS ACCORDING TO THE CIVIL PROCEDURE**

- 43 -

160. Alternatively, if it were to be established that the investments previously assigned on the date of the forthcoming judgment are not sufficient to cover the amount owed to Novalpina Capital Partners I FP SCSp for the *Removal Entitlement*, Novalpina Capital Partners I FP SCSp not having access to the accounting information of the Fund, the Fund should be ordered based on Articles 288 and 284 of the New Code of Civil Procedure, to produce:

    - any contract of sale, assignment, or transaction otherwise involving a transfer of an Investment as defined by the LPA;

    - the entire financial and accounting situation on the day of the forthcoming judgment;

    - any exhibit and/or document relating to discussions in progress on the day of the judgment on a sale, assignment, or transaction otherwise involving a transfer of any Investment as defined by the LPA;

    - any sale contract assignment, confirmation of sale order, assignment or transaction involving a transfer otherwise, in connection with an Investment as defined in the LPA;

    -bank statements reporting the inflows and outflows as well as the monthly statements since August 27, 2021 for all accounts of the Fund and any subsidiary directly or indirectly held by the Fund (including accounts with Barclays Bank Luxembourg, the European Deposit Bank, EFG Zurich and any other banking institution);

    - records of securities accounts reporting changes in the value of Investments as defined in the LPA, as well as monthly statements since August 27, 2021 for all accounts of the Fund and any subsidiary directly or indirectly held by the Fund;

    - any accounting and financial statement (including management accounts) of the Fund since August 27, 2021 for all accounts of the Fund and any subsidiary directly or indirectly held by the Fund;

    - all communications between the LPAC Members and BRG NOAL GP in relation to the Fund since August 27, 2021, including any document relating to ongoing discussions concerning the sale, assignment, or transaction otherwise involving a transfer of assets from the Fund;

    - any communication between the Fund and its general partners since August 27 2021;

    - any document after August 27, 2021, held by the Fund, as well as by any subsidiary directly or indirectly held by the Fund, or by BRG NOAL GP relating to discussions in progress on the date of the forthcoming judgment, relating to an assignment, sale or other transaction involving a transfer of an Investment as defined by the LPA.

- 44 -

161. In fact, only these documents will make it possible to establish the amount not distributed primarily to Novalpina Capital Partners I FP SCSp, in violation of Article 20.3.4 of the LPA, and to be paid to the latter, as of this date.

162. To be admissible a request for the production of documents:

    - *must present an interest in the solution of the dispute*

163. It undoubtedly follows from all the above that if the Fund fails to produce these documents, it will not be possible to determine the exact amount not distributed primarily to Novalpina Capital Partners I FP SCSp, in violation of Article 20.3.4 of the LPA and payable to the latter.

    - *the party requesting the production of the documents must demonstrate that the documents are in the possession of the other party*

164. There is no doubt that all the documents requested by Novalpina Capital Partners I FP SCSp are in the possession of the Fund when they are Fund-specific documents.

    - *the designated documents must be accurate*

165. The list of documents requested as it appears in this summons does not allow any questioning of the accuracy of the documents.

166. All the conditions laid down by Article 284 are therefore met in this case.

167. Furthermore, it follows from Article 60 of the NCPC [New Code of Civil Procedure] that "*if a party holds evidence, the judge may, at the request of the other party, order it to produce it, if necessary under penalty. It may, at the request of one of the parties, request or order, if necessary under the same penalty, the production of any documents held by third parties if there is no legitimate impediment.*"

168. As previously indicated, the documents which Novalpina Capital Partners I FP SCSp requests to be produced are evidence in the context of these proceedings, held only by the Fund.

169. Thus, if as a result of the production of documents, it is established that the investments immediately transferred on the date of the forthcoming judgment are not sufficient to cover the amount owed to Novalpina Capital Partners I FP SCSp under the *Removal Entitlement,* it is appropriate in any event to order the Fund to pay the amount due for the investments made (as provided for in Article 20.3.4 of the LPA).

170. The Fund should also be ordered to (i) inform Novalpina Capital Partners I FP SCSp of any future investment assignment within 5 days after the assignment has been agreed and also within 5 days after the assignment has been completed and (ii) to distribute as a priority any amount resulting from such realization of assets (as provided for in Article 20.3.4 of the LPA), within 10 working days following the execution of such an assignment and until full payment of the *Removal Entitlement* due.



City of New York, State of New York, County of New York

I, Dan McCourt, hereby certify that the document "**Summons before the District Court of and in Luxembourg Ruling on Commercial Matters According to the Civil Procedure**" is, to the best of my knowledge and belief, a true and accurate translation from French into English.

_____
Dan McCourt

Sworn to before me this
July 20, 2023

_____
Signature, Notary Public



_____
Stamp, Notary Public

LANGUAGE AND TECHNOLOGY SOLUTIONS FOR GLOBAL BUSINESS

1250 BROADWAY, 32ND FLOOR, NEW YORK, NY 10001  |  T 212.689.5555  |  F 212.689.1059  |  WWW.TRANSPERFECT.COM
OFFICES IN 90 CITIES WORLDWIDE